MALINDA C. HUNTER v. WM. C. BARGER, Executor and Trustee of the Will of W. B. FRANCISCO, Deceased, et al.

Eastern Section. January 9, 1926.

No petition for Certiorari was filed.

1. **Trusts.** A court of equity cannot destroy a trust or bestow the property in violation of its expressed provisions.

In an action to terminate a trust where the parties sought to have the trust terminated alleging that the purposes for which it was created had been met and that the testator, if now alive, would be willing that the trust be terminated, **held** that although a court of equity may in a proper case convert property so as to conserve the best interest of the trust, it cannot destroy the trust or bestow the property in violation of its expressed provisions.

2. **Trusts. A child who takes direct under a trust instrument is not bound by contracts of its parent.**
In an action to terminate a trust where all of the parties in being were of age and had signed a contract terminating the trust, and it was shown that under the provisions of the trust if any of the parties died leaving children before the death of the life tenant, that the children were to take under the trust instrument, held that the contract so signed by the parties living would not be binding on such children and therefore the trust agreement could not be terminated by the contract of the parties.

3. **Trusts. An active trust cannot be terminated by consent or by the court.**
There are two modes in which a trust may be terminated; one, when the event happens upon which it is to cease; two, when all of the beneficiaries are in existence and sui juris and holding vested interest thereof and consent and agree, a court of equity may decree its termination, held that in the present case all of the beneficiaries were not in existence and the event had not happened to terminate the trust.

4. **Trusts. Trustee held to have improperly distributed personal property.**
Where the executor under a will was also appointed trustee to hold deceased's property until the death of the wife, and daughter and then to distribute it to the children of his daughter, or to children of any deceased child, held that the trustee had improperly distributed property to the children of the daughter before her death.

Appeal from Chancery Court, Bradley County; Hon. T. L. Stewart, Chancellor.

Reversed and remanded.

Mayfield & Mayfield, of Cleveland for Malinda C. Hunter and Wm. C. Barger, Executor.

Thomas & Thomas, of Chattanooga, for Orthell Hunter, et al.

SNODGRASS, J. The bill in this cause was filed to terminate a trust provided in the will of W. B. Francisco, deceased, and to vest the beneficiaries with title to the remaining property.

The complainant is a widow, and is the only child of the testator living at the time of the filing of the bill. The defendants, other than the executor and trustee, are all of age, and are the only children of the complainant, and with her are the only living beneficiaries under the terms of the will.

The executor appointed by the will, and without bond, had so far, it was alleged, administered the estate faithfully, but has become old and somewhat incapacitated, and is willing to surrender the trust and be relieved of his duties.

There were certain provisions made in the will for an afflicted daughter, Nora May Francisco, and also for the widow of the said deceased, but both of these died before the suit and their interests had become vested in the executor in accordance with the provisions of the will for the use and benefit of the others, as expressed in said will in relation to the complainant daughter for life, and to the children at her death, or in case of their death at that time, or of any one, to the child or children of such taking such interest.

It was conceded, and so represented by the bill, that the provisions of the trust had been met, and that it was desirable that the parties in whom the beneficial interests resided should be vested with the legal title to the remainder of the estate, which then, it was alleged, consisted mainly of certain real estate described. It was alleged that the husband of the complainant, whose ability the testator distrusted, had died; that the children of complainant were all of age and of good business capacity, which was also claimed for the complainant, and that they were all willing and anxious that the executor and trustee be relieved and the parties themselves vested with the title; that the children named as defendants, on April 25, 1921, pursuant to the contract and request of the complainant and her children, and on April 24, 1924, pursuant to the ratification and joinder in this contract by the defendant Bessie Hunter, who had also attained legal age, the defendant executor and trustee relinquished to and made a division of the major portion of the personal estate of the said W. B. Francisco. The will itself was exhibited with the bill, as Exhibit "A" thereto. The bill prayed, among other things, that a decree be pronounced declaring that said executor and trustee had fully and faithfully complied with all the duties imposed upon him under the obligations and terms of said will, and that the wishes of the testator had been fully complied with, and that it was to the manifest interest of all parties owning said property that the trust be terminated, and that the executor and trustee be released and discharged, that title to the remaining personal property be fully surrendered to complainant Malinda C. Hunter; that title to the real estate be vested in complainant Malinda C. Hunter for and during her natural life, and the remainder vested in her children in equal interest, and with full right and privilege of sale or disposal of any of the said real estate by the owners thereof, and for general relief.

The executor and trustee filed an answer admitting all the material allegations of the bill, agreeing that it was inconvenient, impracticable and expensive for him to continue the management, and that it would be to the manifest interest of the owners of the estate that a decree be pronounced in accordance with the prayer of the bill, ratifying and approving all his acts, and releasing and discharging him, and vesting the title as prayed.

An answer was also filed by the children made defendants, which admitted the allegations of the bill, acknowledging that they had heretofore received payment of the most substantial portion of the personal property left by their grandfather, and consenting to the prayer of the bill.

Proof was taken and the cause was heard before the Chancellor upon the entire record, including the pleadings and proof, and exhibits thereto, including the will of Wiley B. Francisco, and the title papers, and the court having fully heard and considered the same,

6 T. A.—36.

is of opinion that the allegations of the bill are fully sustained by the proof, and that Malinda C. Hunter is the only surviving child and direct heir of said Wiley B. Francisco, who had heretofore died leaving a will, which had been duly probated, and wherein he named and appointed William C. Barger executor and trustee, and that said defendant has legally administered said estate, and has performed all necessary duties in fully carrying out the wishes of the testator in reference to said trust capacity, and that said defendant trustee is now incapacitated to continue said position, and all need thereof has passed, and that it is to the manifest interest and advantage of all parties in interest that said trust be terminated, and it was accordingly so ordered, adjudged and decreed.

It was further ordered that defendant William C. Barger pay over to complainant any personal property remaining in his hands as executor and trustee under the will of Wiley B. Francisco, and that her receipt therefor should constitute a full acquittance and discharge to him, and that he should be released and forever discharged from any further or other obligations imposed under the terms of the said will.

The decree then divested all title to 'and control of four lots or parcels of land in Sherman Heights, Hamilton county, Tennessee, and a lot or parcel of land in Bradley county, Tennessee out of the said executor and trustee, and vested the same in complainant Malinda C. Hunter for and during her natural life, and at her death to her children, the defendants aforesaid, in accordance with the provisions of the will of the said Wiley B. Francisco, as aforesaid. The costs of the cause was adjudged against the complainant and the defendants, her children.   This decree was passed at the October term, 1924 of the chancery court.

On June 12, 1925 the complainants' children, one of whom, Gertrude, styles herself as next friend, filed the record and obtained writ of error to reverse this judgment and decree of the chancery court, and have assigned errors.

As stated, all the interests of the widow of the testator and of his afflicted daughter in the estate of the deceased or its proceeds that had not been given directly to them by the terms of the will, became vested at their death in the executor and trustee, upon the same conditions and for the same purposes as the other property which had been vested in him for the benefit of his daughter, the complainant and her children and possible grandchildren at her death.   So, being the only persons then living that were thought to be concerned, this was therefore a friendly effort through the aid of the chancery court to terminate the trust in advance of the time required for its execution and discharge the executor and trustee and take title to the property, really in violation of the terms of the will, thus settling the estate to the

possible exclusion of other beneficiaries, which contingencies might mature. If the Chancellor had any jurisdiction to do this under the idea that such possible beneficiaries were before him by representation, no provision was made for their security.

Paragraph 5 of the will is about all that is necessary to quote to determine the character of the title and trust, and it is as follows:

"Fifth. I give, devise and bequeath all the rest, residue and remainder of my property, both real and personal and wheresoever situated, to my said executor, in trust for the use and benefit of my said daughter, Malinda C. Hunter, and her children as hereinafter set out. My said executor as trustee is authorized to hold and collect all notes and other evidences of debt I may own, with other effects, and is also authorized to sell and convey any and all of the personal property or real estate, in case it is deemed to the best interest of my estate, at public or private sale, and on such terms as he may deem best; and he will place said funds at interest either by depositing same in solvent banks or bank or by loaning same, said loans to be secured by first mortgage on good real estate, for not more than sixty-five per cent of the reasonable market value thereof.

"Said trustee will collect the interest on said funds from time to time, and will also rent out any and all real estate I may own, and collect the rents arising therefrom, and after paying taxes, insurance, and for proper repairs and other necessary charges, said trustee will apply the balance of the income, or so much thereof as is necessary, to the comfortable living and support of said Malinda C. Hunter, and to the education of her children; at the death of Malinda C. Hunter, in case all of her children shall have arrived at the age of twenty-one years, then said property in the hands of said trustee will be divided equally between them, share and share alike, and in case any child or children shall have died, leaving a child or children, then said child or children will take what the parent would have taken if living; but in case all of the children of Malinda C. Hunter have not arrived at twenty-one years of age at her death, then said trustee will continue to hold said property until the youngest child has arrived at twenty-one years of age, and will then divide said property between them, as above set out; and in the meantime, said trustee will apply so much of the income from said property as is necessary to provide said children with proper education and comfortable support."

The depositions of the defendant executor and of the complainant were taken. The executor, after testifying to the close personal friendship of himself and the testator, asked what was his main purposes, and what was the principal reason for the will, said:

"He wished his daughter, Mrs. Malinda C. Hunter, to have his property, after provision for the wife and other daughter, both now dead, but he thoroughly believed that it would be unsafe to leave it in such way that her husband, W. O. Hunter, would come into the management and control of it. Mr. Hunter had frequently demonstrated to Mr. Francisco that he could or would not keep money or property entrusted to him, but being of dissipated habits would run through with it, and it was for this reason that Wiley Francisco made his will as he did, leaving me to look after his property, that his daughter, Malinda C. Hunter, would have someone to take care of and preserve her property and protect it from her husband's extravagant ideas and efforts to run through with it. Had it not been for W. O. Hunter and his unsafe ideas Mr. Francisco, after the death of his daughter and wife, would have given everything to Mrs. Hunter."

He then explained that he had cataracts on his eyes, so that while otherwise well he was blind and could not get away from home, except an occasional visit, and was not able to get about or look after business, and was forced to trust much to his attorney; that he thought the purposes of the will had been accomplished; that the children had grown up and all were over twenty-one, and fairly educated, and should know how to take care of everything. He expressed the opinion that if the testator had a voice he would wish the property turned over to his daughter; that the most that could be asked would be that the title to the real estate be vested in Mrs. Hunter for life, and remainder to her children, and that he was willing that it should be done, and would be glad to be relieved. He stated that the personal property had been divided, and that he held receipts of each of the heirs, and that all that remained was the real estate, consisting of several portions in East Chattanooga, and one piece of land in Cleveland; but there was a forty-acre tract there which was not given to Mrs. Hunter with the farm, but that title to which should be vested. That he had been letting her collect the rents and keeping for herself around $50 per month and sending him a check for the balance, which he had had his attorney deposit in the bank to pay expenses, such as taxes and insurance.

To the same effect was the testimony of Mrs. Hunter. She had been looking after the collection of rents for Mr. Barger in East Chattanooga for some time, successfully, and stated that she and the children could do so successfully, and she thought it could be continued with less expense than if someone else did it, and with more benefit to the estate. She stated that in her judgment her father's wishes had been complied with and the purposes of the will accomplished. She could see no reason why the trust should be continued

or any good purposes to be served thereby. She was asked if she thought it would be practicable to have the Cleveland Bank & Trust Company, which is named as executor in the event of the death of William C. Barger, to undertake to handle the estate. She replied: "No, I do not think it would be." And she knew of no sufficient good reason why it should be handed to the bank to continue to handle the property. That she thought Mr. Barger had done everything that was required to do insofar as she knew, except to continue to rent the property or pay taxes, and that there was nothing else that could be done now except to look after the property, and that she could do that.

While it might have been desirable under the circumstances for those living, had they been the only ones concerned with the trust, to have the same terminated, it is bootless to inquire what the voice of the testator would now be could he be consulted. His voice is yet speaking in the trust created, and his right to have his purposes, clearly expressed, carried out in the orderly way directed, and the property conserved for other beneficiaries who might possibly be in existence at the termination of the trust, must yet control. The all sufficient purposes to be subserved is the preservation and application of the estate to his direction as expressed in the will. What a court of equity might or may do in a proper case to convert the property so as to conserve the best interests of the trust, is not the question. It cannot destroy it or bestow the property in violation of its expressed provisions. The testator vested a large discretion in his friend, Mr. Barger, and clothed him with the legal title in trust to the property now in question. It excused him from any bond, and from accounting to any court, but he requested his said executor in the will to confer with his said daughter, Malinda C. Hunter, as to the management and control of said property, and to fully inform her as to all matters connected therewith, and in case of the death of the said Barger before the affairs of his estate were wound up and settled, then he named and appointed Cleveland Bank & Trust Company, a corporation engaged in business at Cleveland, Tennessee as the successor of the said Barger.

There is nothing in this record to indicate any misplaced confidence, except perhaps in turning over personal property to present possible beneficiaries, the title to which in whole or in part might be questioned or rendered void by the developments of time, involving someone in liability to account to some other beneficiary not now in existence, but who might be in existence at the termination of the trust, i. e., the death of Malinda C. Hunter. Of course no such liability would exist if all the children were living at the time of the death of said Malinda C. Hunter, and it could in that event be injury to no one if they had received their portion, and their contract, of course, would bind all in agreement thereto. If, however, one or more of

these children should die before the death of their mother, Malinda C. Hunter, leaving children, such child or children would, not as heirs of their parent, but under the terms of the trust in the will, be entitled to what would have been the portion of their parent had such parent been living.

It will thus be seen that if the estate is terminated now, and this property turned over to what possibly may be the only beneficiaries, it may be lost or destroyed to such other possible beneficiaries. To prevent this, and to make effective the direction of the will, the trust was created. It is an active, continuing trust, and cannot be terminated by agreement of the parties, or by any decree of the court, thus substituting their will for the will of the testator.

The assignment of error and the reasons therefor, and the authorities sustaining them, are ably stated in the brief of counsel, which, with some minor subtractions, is adopted and set out, as follows:

"The will creates an active trust—it is a 'spendthrift'—for the use, benefit, maintenance, education and care of the designated beneficiaries, and the title is vested in the trustee; and broad powers and directions are given him. Under such a trust, no beneficiary took a vested interest. The trust estate is not subject to alienation by them, and is not subject to be reached by any creditor of a beneficiary. The trust could not be renounced or surrendered, and could not be terminated, and the estate could not be accelerated so as to give the trustee or the beneficiaries or the court the right and power to destroy it and distribute the properties.

"The attempted settlement entered into in April 25, 1921 and April 24, 1924, between the trustee and Mrs. Hunter and her children and the decree of the court undertaking to decree the performance of that settlement and the termination of the trust is erroneous and void; and should be reversed.

"The trust is an active one. Jourolman v. Massengill, 86 Tenn., 81; Vines v. Vines, 143 Tenn., 517, 525, 526.

"'If any trust or duty is imposed on the trustee, either expressly or by implication, the trust is an active one, and in such case, there is no merger of the legal and equitable estates.' There can be no merger where an active trust interposes. Winters v. March, 139, Tenn., 496, 503, 504; Henson v. Wright, 88 Tenn., 501; Henderson v. Hill, 9 Lea, 25.

"No interest vested in the beneficiaries, and neither the trustee, the beneficiaries, creditors, nor assignees could divest the property from the appointed purposes. 'Any conveyance, whether by operation of law, or by the act of any of the parties, which disappoints the purposes of the seller by diverting the property

or its income from the purposes named, would be a breach of the trust.' Vines v. Vines, 143 Tenn., 517, 527.

"The estate and trust cannot be accelerated. State v. Bank, 143 Tenn., 278; Bennett v. Trust Co., 127 Tenn., 131."

"There are two modes in which a trust may be terminated. 1—When the event happens upon which it is to cease. In the pending case, the time has not expired during which the trust is to exist. 2—When all the beneficiaries are in existence and sui juris, and hold vested interests, and all consent and agree, a court of equity may decree its termination. In the pending case, all the beneficiaries are not in existence; all are not sui juris; none of them hold a vested interest, and all have not consented, and all cannot consent; and the decree is erroneous.

"An active trust cannot be terminated by consent, or by the court. A passive trust may be .terminated by consent if all the beneficiaries are sui juris and consent to it. 

"As is said in the case of Vines v. Vines, supra, pages 534 and 535, the trustee and beneficiaries in an active trust cannot by mutual agreement terminate it and defeat the purpose of the donor to give to the beneficiary a support which shall be free from the claims of creditors. It is beyond their power to destroy the manifest direction of the testator. To do such a thing would amount to a substitution of the beneficiaries' judgment for that of the testator, and would produce a result contrary to that expressed by the donor. Such a trust is sustained, not out of any consideration for the beneficiary, but out of consideration for the right of the donor to control his bounty and dispose of his property in any manner he sees fit, provided it is not repugnant to the law."

"The decree is not only in conflict with the express provisions of the will, but it is an invasion upon rights and interests of beneficiaries designated in the trust. These beneficiaries are not even attempted to be made parties defendants. They are not so much as recognized in the case; yet the trust is attempted to be destroyed, and the trust property, real and personal, transferred and distributed as vested interests among beneficiaries to the exclusion of possible ultimate beneficiaries under the provisions of the will.

"In this respect, the error of the decree is made manifest by the recent case of Stewart v. Hamilton, 270 S. W., 79 (March 14, 1925) in which the Supreme Court had under construction the following language of a will:

" 'I hereby direct and provide that my said estate will remain vested in A. M. Hagan, as executor and testamentary trustee, with all the powers above mentioned enumerated, until my young-

est child living at the time shall have attained the age of twenty-one years, at which time my estate shall be equally divided by agreement of the children, or failing such agreement, by appropriate proceedings, share and share alike; and in the event that, at such time, any one of my children shall have died leaving issue, then its share shall go to said issue.' The court said:

" 'The will of W. D. Hamilton vested title to the property in A. M. Hagan to hold in trust until the youngest daughter attained the age of twenty-one years, then, and then only, it would vest in the three daughters if living, but, if any one of the three shall have died leaving issue, then her share would vest in her issue.' (S. W. Rep., p. 80.)

"And the court held that the direction of the will was tantamount to a positive inhibition against invasion of the corpus of the estate."

"In so far as the bill seeks to let the executor and trustee resign, it may be properly filed, and in so far as the decree permits the executor's and trustee's resignation, it may be without error, but the decree erroneously discharges the executor and trustee without appointing a successor, and erroneously directs a settlement with the beneficiary, Mrs. Hunter, erroneously giving her the trust personalty, and erroneously vesting title to the realty in her and her children; and erroneously destroying and terminating the trust; and the decree in all these respects should be reversed."

"The title to the entire trust estate is involved by the decree. Under it, there is no executor, no trustee, no one who' legally can act for the estate of the trust, or who can convey property, invest, or reinvest. All titles are beclouded. These omissions and errors in the decree should be corrected and the cause remanded in order that the will shall be carried out, the trust performed, the estate settled, the rights and interests of all beneficiaries recognized and protected, and the clouds and complications of title removed."

It results that the foregoing assignments are sustained. But it appearing to·the court that the bill was not filed primarily to remove the trustee, or to permit him to resign, or for the appointment of a new trustee, but for the termination of the trust and the settlement of the estate, and for a ratification of the settlement of the estate as per an alleged contract, and to vest the beneficiaries with the present title to the trust· estate, and the decree erronously based upon the supposed right to so terminate the trust, which cannot be terminated and the present beneficiaries clothed with the title, the decree of the Chancellor will be reversed and the cause remanded, with permission to the complainant to·dismiss her bill, if she so desires, leaving the matter in statu quo and the present trustee still

clothed with the powers with which he was invested at the passage of said decree. But if the complainant so desires said bill may be prosecuted for the appointment of a new trustee, with the right in the present trustee to resign or contest such appointment; but in the event of the appointment of a new trustee said attempted contract of settlement of April, 1921 and 1924 will be repudiated, and the present executor and trustee will be required to make settlement with the new appointee; it being decreed that the trust was a spendthrift, active trust, and that the beneficiaries took no vested interest, and that it could not be destroyed during the life of Mrs. Hunter.

The complainant below and the complainants-in error will pay the costs of the cause in this court, and the costs of the lower court will be and remain as adjudged by the Chancellor.

Portrum and Thompson, JJ., concur.