NASHVILLE TRUST COMPANY, TRUSTEE, COMPLAINANT, AP-
PELLEE, *v.* MARY DUDLEY DAKE *et al.*, DEFENDANTS,
APPELLANTS.

(*Nashville,* December Term, 1930.)

Opinion filed April 4, 1931.

M. P. O'Connor, for complainant, appellee.

Bass, Berry & Sims, Samuel N. Harwood, W. P. Cooper, Seth M. Walker and L. D. Smith, Attorney-General, for defendants, appellants.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

The Trust Company, as Trustee, seeks construction in certain particulars of the will of Mrs. Adelaide Wiggin Dake, who died in 1926. She left her estate of about $102,000 in trust, the net income to go to her daughter, Bessie Dake Wilson, for her life, and at her death the trust estate to be divided between two granddaughters.

The bill shows that before the death of Mrs. Dake, Richard P. Dews represented the daughter, Mrs. Wilson, in a divorce case, and later obtained a judgment against her for his fee of $5000. While conceded that this creditor cannot enforce payment against this trust estate during the life of Mrs. Wilson, the creditor claims that at her death, and before division of the corpus of the trust estate between the granddaughters,—or in the event of the death of either of them, other alternative beneficiaries,—this debt must be paid. Reliance is had upon the following clause of the will:

"IV. Upon the death of my said daughter, ELIZABETH CHURCH DAKE WILSON, my trustee shall out of my trust estate pay all the just debts of my said daughter at the date of her decease existing and all expenses of her interment, and thereafter my trustee shall divide the trust estate into two (2) equal portions or shares and dispose of and pay the same as follows," etc.

The specific claim is that this judgment comes within the term "just debts." Construction is sought of this clause, the view of the Trustee and of the defendants in

interest, other than Mr. Dews, being that this is not a debt of the character contemplated by the testator.

The expectancy of Mrs. Wilson, forty-seven years of age on the filing of this bill, is stated to be something more than twenty years.

Obviously, if this were all, the bill would be premature, either under the Declaratory Judgments Act, set up in the bill, or under the general authority of a Trustee to seek the aid of the Court. "The statute does not contemplate declarations upon remote contingencies," or upon abstract, remote or incidental questions. *Hodges* v. *Hamblen County*, 152 Tenn., 395. Nor will a bill lie by a trustee to construe a will unless the Court can afford immediate relief. The Court will not declare future rights, or decide upon and determine contingencies which may or may not ever arise. *White* v. *Kelton*, 144 Tenn., 327.

This judgment creditor has no possible enforcible rights *in praesenti*. His claim, as against this estate, is one that may arise twenty or more years from now. His judgment *may* not be then in force, for either of several reasons. For example, the life tenant may, possibly, voluntarily discharge the debt before her death, or the creditor may subject property which she may acquire independently of this trust estate, as by bequest, or through marriage, and thus satisfy his claim, without recourse to the trust estate to pass to these grandchildren of the testatrix. Again, the parties in interest may change, and those who may succeed to the rights of the grandchildren ought hardly to have their rights prejudged and abridged so long in advance, even though before the Court by appointive representation. It seems clear that

a declaration on a construction or of an issue so remote, and subject to such contingencies, should not be given by the Court.

However, the bill presents as a ground for action, otherwise premature, that Mr. Dews has proposed to accept in compromise the sum of $3000, and that the judgment, if allowed to run with interest for the expectancy of Mrs. Wilson would then amount to more than $12,000. The theory is that *if* the debt is one that must be paid at the end of the life estate, then it would manifestly be to the interest of the trust estate, particularly the grandchildren, for it to be so compromised now. The pertinent inquiry, therefore, is whether or not, assuming that this claim is a "just debt" in the contemplation of the will, the Court may empower the Trustee to make the compromise payment now. This is the immediate and present issue. Unless the compromise may be authorized, there exists no present demand for a declaration or construction of this creditor's rights.

The Court of Appeals directly, and the Chancellor inferentially, have denied the power to the Trustee to pay any portion of this debt under the proposed compromise, or otherwise, at this time, although they concur in construing the will as requiring the payment of this debt at the death of Mrs. Wilson,—provided, of course, it has not been previously satisfied, and has been kept in force.

It is insisted that the Trustee is given authority to compromise and pay this claim (if it is such a debt as will be payable out of the trust funds at the death of Mrs. Wilson) by the following provision of the will:

"The Trustee hereunder, its successor and successors in trust shall have full power and authority to receive, take, collect, receipt for and hold said property to it

hereby given in trust and to compromise, adjust and settle all claims to or against such property, at such amounts and upon such terms of payment as it deems ·best, and to invest and reinvest said trust estate, etc."

This provision obviously has reference only to "claims to or *against such property,*" meaning the property passing to the Trustee under the will. It has no reference to claims *against the daughter,* for whose benefit and protection during her life this quasi-spendthrift trust was created by her mother. It would be inconsistent with the manifestly paramount purpose of the testatrix, which was to provide support, first for her daughter, and thereafter for her grandchildren, against all possibilities of both their own wastefulness or improvidence, and the demands of creditors, just or unjust.

If the Trustee may be authorized to pay debts of Mrs. Wilson at this time, perhaps twenty years in advance of her death, other debts may be created and like authority may be given year by year, until the trust estate is depleted, and the purpose of the testatrix utterly destroyed.

We are constrained to agree with the holding of the Court of Appeals that the Trustee is not, and may not be by the Court empowered to pay the debts of the life tenant now. Says that Court:

"In the case of *Stewart* v. *Hamilton,* 151 Tenn., 396, 270 S. W., 79, the court held that the postponement of vesting of the estate, under the will, was a positive inhibition against invasion for maintenance of the beneficiary. To the same effect, see *Vines* v. *Vines,* 143 Tenn., 517, 226 S. W., 1039."

And, after referring to and quoting from *State ex rel.* v. *Bank*, 143 Tenn., 278, the Court of Appeals concludes: "The Trustee is not given authority under the will to compromise and settle the Dews judgment out of the corpus ot the estate at this time because it would be in direct contravention of the express terms of the will. This being true, under the authorities above stated, the court has no jurisdiction to direct a settlement of this judgment at this time."

Holding that the Trustee may not make a compromise, or other payment of the debt at this time, we find it unnecessary and, indeed, premature to rule on the question of what this judgment creditor's rights may be upon the death of Mrs. Wilson—an issue too remote, involving future rights and various contingencies. The bill is sustained only in so far as it prays instructions touching the power or duty to settle this claim at this time, the Court declining to recognize such power. Otherwise the bill is dismissed without prejudice.

A decree will be entered accordingly.