### MUNGER et al. v. RICHARDS et al.
### No. 1498.

Court of Civil Appeals of Texas. Eastland.
Oct. 25, 1935.

Rehearing Denied Nov. 22, 1935.

James P. Swift and W. M. Fouraker, both of Dallas, for appellants.

McBride, Hamilton, Lipscomb & Wood, of Dallas, for appellees.

LESLIE, Chief Justice.

The purpose of this suit appears to be to secure a judicial construction of certain provisions of the will of J. B. Wilson, deceased. It was instituted by the trustees of his estate, viz., Roy Munger, J. R. Richards, J. Fred Schoellkopf, George R. Pattullo, and H. Ben Smith, against Fay Wilson Munger and husband, Roy Munger, Lucile Pattullo and husband, George R. Pattullo, Bess Schoellkopf, and husband, J. Fred Schoellkopf, Mabel Richards and husband, J. R. Richards, Geraldine Smith and husband, H. Ben Smith, Wilson Schoellkopf, J. Fred Schoellkopf, Jr., J. Fred Schoellkopf III, Ann Craddock Schoellkopf, Mary Munger, Fay Munger, Jack Munger, and Patrick John Smith. The last six are the greatgrandchildren of J. B. Wilson, deceased, and they are the appellants in this suit.

J. B. Wilson left surviving him his wife, who is not interested in this litigation, and the following five daughters: Fay Wilson Munger, Lucile Pattullo, Bess Schoellkopf, Mabel Richards, and Geraldine Smith.

All the defendants, not minors, waived service of citation and requested a construction of the will sought for in the plaintiffs' petition. The defendants Mary Munger, Fay Munger, J. Fred Schoellkopf III, and Ann Craddock Schoellkopf, greatgrandchildren of J. B. Wilson, deceased, answered first by general demurrer to the plaintiffs' petition, expressly insisting that "plaintiffs' petition is insufficient in law and states no ground for the instructions and relief prayed for." Subject to that plea they denied the allegations of fact contained in the petition and especially alleged that they were not bound by the terms of a decree theretofore entered in cause No. 60104–D, styled Munger v. Munger, the judgment in which cause was appealed to the Court of Civil Appeals at Dallas and affirmed with modification, etc. These defendants prayed that plaintiffs' suit be dismissed, etc. No order shows the ruling of the trial court on the general demurrer, but if it should have been sustained, the record would reflect fundamental error.

Defendants Patrick John Smith and Jack Munger, also greatgrandchildren of

J. B. Wilson, deceased, by their answer assert that the judgment in said cause of Munger v. Munger is binding upon all after-born parties interested in the subject-matter of the litigation, including themselves, as well as those who might become interested in the trust estate of J. B. Wilson, deceased, etc. This contention is predicated upon the theory of virtual representation of the greatgrandchildren by persons who were parties to the original suit of Munger v. Munger. In fact, these defendants "request the court to instruct the trustees in answer to question No. 1 (hereafter set out) that said judgment (Munger v. Munger) as modified and affirmed is binding upon each of the defendants in this suit."

The defendant Fay Wilson Munger, daughter of J. B. Wilson, answered setting up certain reasons why it would be convenient and advantageous to her to have the will construed in accordance with the prayer of the plaintiffs' petition. Since she does not appeal from the judgment of the trial court, the contentions set up in her answer call for no further consideration.

In response to the pleadings and the testimony of the various parties, a judgment was entered by the trial court, and it is from that judgment that the above-named appellants now appeal. Jack Munger and Patrick John Smith prosecute their appeal through their guardian ad litem, James P. Swift, and J. Fred Schoellkopf, Ann Craddock Schoellkopf, Mary Munger, and Fay Munger prosecute their appeal through J. D. Fouraker, their guardian ad litem.

This will has previously been before the courts for judicial construction. In a large measure, if not entirely, the subject-matter has been adjudicated. See Munger et al. v. Munger (Tex.Civ.App.) 298 S.W. 470, 475. The general facts of the case now before us are rather fully stated in that opinion, and the provisions of the will material to this appeal are set out in full in that opinion and will not be here restated.

It will be observed that the judgment of the trial court in the cause of Munger v. Munger was affirmed by the Court of Civil Appeals at Dallas with the modification of the judgment of the trial court in the particular indicated by the following sentence from that opinion: "We therefore hold that the words 'issue' and 'surviving issue' were employed in the sense of descendants."

At the time the judgment in said cause was rendered, none of these appellants, minors and greatgrandchildren of the testator, J. B. Wilson, were in being, except Fay Munger who was in being, but who was not expressly named as a party in that suit. One question now sought to be presented to this court, is whether or not the former judgment is binding on said greatgrandchild Fay Munger, and also on said after-born greatgrandchildren of the testator.

At the conclusion of the plaintiffs' petition in the instant case, and as a part thereof, the following questions are propounded with a prayer for the court's answer and instructions relative thereto:

"First: Is the judgment and conclusions of law of the 95th District Court, rendered in cause No. 60104–D, styled Munger vs. Munger, et al., as modified and affirmed by the Court of Civil Appeals for the Fifth Supreme Judicial District, and numbered 9903 on the docket of said Court of Civil Appeals, binding upon all after-born parties interested or who might become interested in the trust estate of J. B. Wilson, deceased, and upon Fay Munger, a minor, in being at the time of the rendition of said judgment but not a party to said suit in which it was rendered, as well as upon those in being and parties to said suit?

"Second: Upon the death of any of the daughters of J. B. Wilson without issue, shall the corpus of the trust estate be held intact by the trustees and the net income thereof be thereafter paid to the surviving daughters of the said J. B. Wilson, deceased, or shall a partial distribution of the corpus of the trust estate at that time be made?

"Third: Upon the death of any of the daughters of J. B. Wilson, deceased, leaving issue, shall the trustee distribute to the surviving descendants of said daughter her proportionate share of the corpus of said estate, and shall such distribution be per stirpes or per capita?

"Fourth: Upon the final termination of the trust estate by the death of the last of the daughters of J. B. Wilson, deceased, shall the final distribution of the corpus remaining in said trust estate be made to the surviving descendants of said daughters per stirpes or per capita?

"Fifth: Trustees further pray that the court instruct them fully as to such other matters as it may deem pertinent or necessary under the premises."

Among other things, the judgment of the trial court is to the effect that the original judgment in Munger v. Munger as modified and affirmed by the Dallas Court of Civil Appeals "is not binding upon the minor Fay Munger who was in being at the time of the rendition of said judgment, but not a party to said suit in which it was rendered nor upon the parties born after the rendition of said judgment and are interested, or who might become interested in the trust estate of J. B. Wilson, deceased, who are of the same class as Fay Munger, that is, great grandchildren of the testator, J. B. Wilson, deceased." There are other provisions in the judgment construing the will and giving instructions to the trustees and their successors. The disposition we shall make of the case makes it unnecessary to set out in detail the different phases of the judgment.

▉ This record has challenged a great deal of study, and after much consideration we come to the conclusion that the instant suit presented nothing for adjudication but academic or abstract questions, and the jurisdiction of the courts may not be invoked to obtain judicial opinion on such questions. 1 Tex. Jur. p. 631, and Texas authorities there cited.

In Nashville Trust Co. v. Dake, 162 Tenn. 356, 36 S.W.(2d) 905, it was held by the Supreme Court of Tennessee that courts will not declare future rights, or decide upon and determine contingencies which may or may not ever arise. The authorities generally so hold. 69 C.J. p. 868, § 1988 et seq.

▉ For all present purposes and action under the will, the language of the will is clear and unambiguous. We do not understand that a contention to the contrary is made by any one. The enjoyment of the income from the corpus of the testator's estate is without question the right of the five daughters of the testator, J. B. Wilson, so long as they shall live. They are all alive and from their birth dates, reflected by this record, the life expectancy of each is considerable. These appellants, the greatgrandchildren of said testator, may die before the death of any of the daughters of J. B. Wilson. They have no present enforceable rights. Their claim as against the estate is one that may arise years hence.

In 69 C.J. p. 868, § 1988, it is said: "Courts will not undertake to declare future rights, or to decide questions depending on facts which have not arisen but which are contingent and may never arise. It is not an adequate reason for disregarding the rule that all the parties have joined in a request for construction. Such questions will not be determined until the contingency arises, or at least until it is about to arise. * * *"

In our judgment the pleadings in this case show affirmatively that the contingency has not arisen which furnishes a predicate or basis for a judicial construction of this will, or the separate provisions thereof. No such necessity is shown to be impending, or about to arise. Of course, in time, the daughters of J. B. Wilson will die, but these greatgrandchildren of the testator may all predecease them.

The general rule entitling one to the construction of a will has been stated, and the pleadings here do not bring this case within any exception, if there be one. There appears no present necessity for the construction of the will for the protection of the trustees.

▉ Since this suit was filed by the trustees under the will, especially pertinent is the rule of law relating to their duties in seeking a construction of the will. In 69 C.J. p. 874, § 1998, the rule is stated thus: "No action by an executor * * * or testamentary trustee for the construction of a will should be entertained, unless doubtful questions of construction are involved, and unless the duties of the office cannot be safely discharged without the advice and protection of the court. They are not entitled to maintain the action unless they have some interest or title in the estate disposed of by the will, and unless they have some duty to perform, and *this must be a present duty. They are not entitled to instructions as to what may be their duties in future contingencies which may never arise, or, if at all, only on some remote date. It is not an adequate reason for disregarding the rule that it would be more convenient for the executor that the court should construe the will in advance.*" (Italics ours.)

That fits the situation or circumstances confronting the trustees under the plead-

ings in this case. Their right to a construction of the will is tied to the performance of a "present duty," and no such duty is disclosed. The decisions uniformly hold that courts will not in this, or in any other character of cases, construe or adjudicate questions that are remote, or may never arise. Cousins v. Cousins (Tex.Civ.App.) 42 S.W.(2d) 1043; 1 Tex.Jur. 631, § 24. The opinion in the case of Cousins v. Cousins, supra (writ refused), presents a case so similar to this one in material aspects, and the principles of law applicable to this case are so clearly stated therein that that opinion is deemed controlling here. Certainly in this case the contingency which may mature possible or prospective rights of the great-grandchildren may not happen in their lifetime. Any effort by the courts at this time to determine their alleged rights would be premature. Inasmuch as premature adjudications are not binding on any one, this court has of its own motion and in the discharge of judicial duty investigated the question of whether the purpose of the suit is merely to obtain a declaration of future rights. Such, in our judgment, is the nature of the suit.

The views we entertain concerning this suit, and the disposition we shall make of this appeal are in a measure supported by the attitude assumed by the appellants in this case.

As noted, Mary Munger, Fay Munger, J. Fred Schoellkopf, and Ann Craddock Schoellkopf presented a general demurrer to the plaintiffs' petition and asked dismissal of the same for the reason that same "is insufficient in law and states no ground for the instructions and relief prayed for." While the ruling of the court thereon is not reflected, we are nevertheless of the opinion, for the above reasons, that the general demurrer was good and should have been sustained. Hence the first contention made by this group of greatgrandchildren (appellants) against the alleged cause of action is now recognized as valid. Presumably, they are now without grounds for further complaint.

Patrick John Smith and Jack Munger by their answer accept the judgment of the trial court in Munger v. Munger as modified and affirmed by the Dallas Court of Civil Appeals. They affirmatively assert its binding effect on themselves and the other appellants.

We thus call attention to the attitude of each group of the appellants, since it is in accord with our views of the appeal generally, and reflects that there is no present necessity, even from the standpoint of these appellants, requiring a construction of the will.

For the reasons assigned, the judgment of the trial court is reversed and the cause is here dismissed. It is so ordered.