**William D. MARSHALL, Jr., Executor of Ward Mount, Complainant-Appellee,**

**v.**

**The FIRST NATIONAL BANK OF MEMPHIS, Executor of the Estate of Jentie W. Mount, Defendant-Appellee,**

**and**

**Mrs. Elnora Stone Mount, Defendant-Appellant.**

Court of Appeals of Tennessee, Western Section.

Nov. 18, 1975.

Certiorari Denied by Supreme Court Feb. 23, 1976.

Erich W. Merrill, Memphis, for appellant.

Henry M. Beaty, Jr., Ira C. Denton, and William D. Marshall, Jr., Memphis, for appellees.

CARNEY, Presiding Judge.

Defendant below, Mrs. Elnora Stone Mount, surviving widow of Ward Mount, has, by writ of error, appealed from a decree of the Chancery Court which approved the final settlement of the Executor of Ward Mount, Honorable William D. Marshall, Jr., and denied the Appellant, Mrs. Elnora Stone Mount, permission to amend her answer so as to (1) except to the accounting by the Executor Marshall; and (2) to file a cross-complaint against the estate of Mrs. Jentie Mount.

Mrs. Jentie Mount was the aged mother of Ward Mount and thus the mother-in-law of Appellant Mrs. Elnora Stone Mount. Mrs. Jentie Mount was a beneficiary under the will of her son, Ward Mount, as was the Appellant Mrs. Elnora Stone Mount. Defendant-Appellee First National Bank is executor of Mrs. Jentie Mount.

The Chancellor held that the question was res judicata under a decree of the Chancery Court of date May 14, 1968. A detailed statement of the facts is in order.

Ward Mount died August 26, 1965. His mother, Mrs. Jentie Mount, was then, or shortly thereafter, confined to a nursing home in Shelby County, Tennessee. Mr. Mount left an estate of approximately $500,000 which, under his will, was to be divided in two parts. One-half was bequeathed to his wife, Mrs. Elnora Stone Mount, in fee simple.

The other one-half was bequeathed to his attorney and executor, William D. Marshall, Jr., as Testamentary Trustee, for the support of Ward Mount's mother, Mrs. Jentie W. Mount, under the following provision:

"The trust provided for in paragraph II above is for the purpose of providing a comfortable living for my mother during her lifetime. I direct the Trustee pay to my mother or to others for her benefit whatever sums he deems appropriate to maintain her in the circumstances to which she is accustomed. All such payments shall be a full release to said Trustee and may be made out of corpus or income. Upon the death of my mother, I direct that the assets still remaining in the Trust Estate go to my wife outright."

Shortly after the probate of the will, the Executor and Trustee William D. Marshall, Jr. filed a bill in Chancery Court in this cause seeking a construction of the will of Ward Mount averring that the Defendant Mrs. Elnora Stone Mount objected to the payment of any sums to the Defendant Mrs. Jentie W. Mount out of the trust estate. The Appellant Mrs. Elnora Stone Mount filed an answer in which she insisted that it was the intention of the testator that the trust funds be used for Mrs. Jentie W. Mount only in the event Mrs. Jentie W. Mount did not have sufficient funds of her own for living expenses and averring that, in fact, Mrs. Jentie W. Mount did have sufficient funds to pay her own expenses.

Honorable Henry Beaty, Jr., attorney of the Memphis Bar, as Conservator filed an answer for Mrs. Jentie Mount.

Honorable Eulyse M. Smith, attorney for Mrs. Elnora Stone Mount, was permitted to withdraw from the case. Mrs Elnora Stone Mount's answer was also withdrawn. The Appellant Mrs. Elnora Stone Mount was allowed until May 3, 1968, within which to appear personally or by counsel upon penalty of a pro confesso being taken against her. She failed to appear and pro confesso was, in fact, entered against her.

The cause came on to be heard before the Chancellor on May 14, 1968, upon the original bill for construction of the will, the answer of the Conservator of Mrs. Jentie W. Mount, and the order Pro Confesso against Mrs. Elnora Stone Mount. From the decree of the Court we copy as follows:

"The Court further finds from the testimony of Henry M. Beaty, Jr., that Mrs. Jentie W. Mount has an estate of approximately $45,000.00 from which she receives an income of approximately $200.00 per month and her monthly expenses in Bright Glade Nursing Home amount to approximately $1,200.00 and that therefore, the estate of Mrs. Jentie W. Mount is not adequate from the income to support and maintain the said Mrs. Jentie W. Mount and that the said Mrs. Jentie W. Mount is entitled to receive support and maintenance from the trust created under the last will and testament of the said Ward Mount.

It further appearing to the Court upon application of Henry M. Beaty, Jr., Conservator herein, that the said Henry M. Beaty, Jr., has rendered valuable services as an attorney in this matter in protecting the rights of the said Mrs. Jentie W. Mount and that a reasonable attorney's fee should be paid from the trust estate to the said Henry M. Beaty, Jr., under the provisions of the trust 'to maintain her in the circumstances to which she is accustomed' and that it is proper for the Trustee to pay a reasonable fee to the said Henry M. Beaty, Jr., for his services herein.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED by the Court, that this is a proper action for a construc-

tion of the last will and testament of Ward Mount and complainant herein, did properly file this cause of action for a will construction.

IT IS FURTHER ORDERED, AD-JUDGED AND DECREED by the Court, that under the terms of the last will and testament of the said Ward Mount that said will provided for an equal division of the net estate of the said Ward Mount and that one-half of said net estate was payable immediately to the widow of the said Ward Mount, Elnora S. Mount and the remaining one-half was to be placed in trust with provisions for the Trustee to pay 'whatever sums he deems appropriate to maintain her in the circumstances to which she is accustomed,' and that said provision contemplates support for the said Mrs. Jentie W. Mount regardless of the personal estate which the said Mrs. Jentie W. Mount might have.

IT IS FURTHER ORDERED, AD-JUDGED AND DECREED by the Court, that the estate of Mrs. Jentie W. Mount is not sufficient to support and maintain her and that therefore, even if the will contemplated some discretion in the Trustee as to whether to pay such support or not that the Court determines that the estate of the said Mrs. Jentie W. Mount is not sufficient and that support should be paid for her from the trust estate.

IT IS FURTHER ORDERED, AD-JUDGED AND DECREED by the Court, that Henry M. Beaty, Jr., Conservator herein, has rendered valuable services as an attorney in this cause and that he should be paid a reasonable fee as such attorney from the trust estate in such sum or amount as the Trustee may deem proper. . . . "

Mrs. Jentie W. Mount lived in the nursing home until her death on June 29, 1973. Defendant-Appellee First National Bank qualified as executor of the will of Mrs. Jentie W. Mount.

On September 17, 1973, the Executor and Trustee William D. Marshall, Jr. filed supplemental complaint averring the death of Mrs. Jentie W. Mount and, along with other relief, prayed that the Court approve his final accounting as Trustee for Mrs. Jentie W. Mount under the will of Ward Mount. Appellant Mrs. Elnora Mount, through her present attorney, Honorable Erich Merrill, filed answer calling for strict proof of all accountings by the Executor and Trustee. On February 25, 1974, a consent order was entered referring the matter of the Trustee's final accounting to a Special Master. Mrs. Elnora Mount made motion orally for leave to amend her answer to the Executor's amended bill and oral application to set aside the pro confesso entered against her of date May 14, 1968. On April 2, 1974, the Chancellor entered an order overruling said motions to amend. The order of April 2, 1974, is before this Court on this writ of error.

During the argument of this cause before this Court, it was stated by counsel that Mrs. Jentie Mount owned an unstated number of shares of stock in Proctor & Gamble Corporation which became very valuable after the death of her son, Mr. Ward Mount, and during the lifetime of Mrs. Jentie W. Mount.

The accounting by the Conservator is not in this record but it does appear that the Trustee has paid to the Conservator after the death of Mr. Mount approximately $150,000. The exact amount expended by the Conservator for the support of Mrs. Mount is not shown in the record but we understand from the attorneys that the Proctor & Gamble stock is worth nearly as much or maybe more than the total advanced by the trustee for the support of Mrs. Jentie W. Mount. Mrs. Elnora Stone Mount contends that it was unnecessary and improper for the Trustee, after the Proctor & Gamble stock increased in value, to make further payments out of the trust estate to the Conservator for the benefit of Mrs. Jentie W. Mount. Mrs. Elnora Mount insists that she, as the beneficiary of the trust in remainder, is entitled to amend her pleadings to seek the recovery of said funds from the Executor of the estate of Mrs. Jentie W. Mount though she does not seek any personal recovery against the Trustee.

Assignment of error No. I is that the Chancellor erred in denying the Appellant's motion to amend her answer to the supplemental complaint and in denying the motion to file a cross-complaint against the estate of Mrs. Jentie Mount.

Assignment of error No. II is that it was error for the Chancellor to refuse to set aside the pro confesso entered against Mrs. Elnora Stone Mount in 1968 so far as it affected her rights to attack the payments made by the Trustee to the Conservator after Mrs. Jentie W. Mount had become financially able to maintain herself.

Appellant cites and relies upon the cases of *White v. Kelton*, (1921), 144 Tenn. 327, 232 S.W. 668; *Chickamauga Trust v. Lonas*, (1917), 139 Tenn. 228, 201 S.W. 777; *Nashville Trust Co. v. Dake*, (1931), 162 Tenn. 356, 36 S.W.2d 905; *Hodges v. Hamblen County*, (1925), 152 Tenn. 395, 277 S.W. 901; *McClung v. City of Elizabethton*, (1937), 171 Tenn. 455, 105 S.W.2d 95, 100. She insists that under the rationale of the cases above cited, His Honor the Chancellor had no jurisdiction to adjudicate remote, uncertain, and speculative questions and that the decision of His Honor the Chancellor in 1968 was only to the effect that Mrs. Jentie W. Mount's estate was insufficient at that time to maintain her and that it was necessary for the Trustee to furnish trust funds to maintain her at that time.

The Appellant contends that the additional finding of the Chancellor that the will contemplated support for Mrs. Jentie W. Mount regardless of the personal estate of Mrs. Jentie W. Mount was speculative, void, and subject to collateral attack. In our opinion the cases cited and relied upon by the Appellant do not sustain her contentions.

The Chancery Court of Shelby County had exclusive jurisdiction to construe and enforce the provisions of Ward Mount's will. Gibson's Suits in Chancery, 5th Edition, Section 971. The Chancellor found that the will was subject to several interpretations and sustained the petition of the Executor-Trustee, William D. Marshall, Jr., as a proper suit for the construction of the will of Ward Mount.

The Chancellor construed the provision of the trust for the Trustee to pay "whatever sums he deems appropriate to maintain her in the circumstances to which she is accustomed" to require support for Mrs. Jentie Mount regardless of the personal estate which the said Mrs. Jentie Mount might have. The value of her estate was found to be $45,000 and the income therefrom insufficient to support Mrs. Jentie Mount.

The holding of the Chancellor that no part of Mrs. Jentie Mount's estate was to be considered by the Trustee in supporting Mrs. Jentie Mount was neither speculative nor remote.

The Chancellor had jurisdiction of the parties and the subject matter. When his decree of May 14, 1968, became final, it was binding on all of the parties even if it had been erroneous. *Pile v. Pile*, 134 Tenn. 370, 183 S.W. 1004; *Jordan v. Johns*, 168 Tenn. 525, 534, 79 S.W.2d 798; *National Cordova Corp. v. City of Memphis*, 214 Tenn. 371, 380 S.W.2d 793; *Webb v. Schultz*, 31 Tenn. App. 587, 218 S.W.2d 758.

We overrule the assignments of error for the reason that the decree of May 14, 1968, was res judicata.

A decree will be entered affirming the judgment of the lower Court and remanding the cause for further proceedings consistent with this opinion. The costs of this appeal are taxed against the Appellant and her surety. The costs in the lower Court will abide the judgment of the lower Court.

MATHERNE and NEARN, JJ., concur.