## HEIRS OF ANNIE FISHER, DECEASED, v. R. LEISWEITZ ET ALS.

### (Case No. 3912.)

1. AGREED CASE.— A statement of facts agreed upon before trial between the parties to a cause upon which the court below may render judgment according to the law arising upon the facts as agreed upon, cannot, on appeal, be considered, within the meaning of art. 1516, Revised Statutes. an "agreed case."

2. APPEAL — TRANSCRIPT — AGREED CASE.— The statute provides that parties desiring to appeal without the necessity of setting out all the proceedings at length in the transcript, may, with the consent and approval of the judge trying the cause, agree upon a statement of the case and of the facts proven, which, signed and certified to by the judge, and filed as a part of the record, shall, with a copy of the judgment, assignment of errors, bond, etc., be a sufficient transcript of the proceedings to be taken to the supreme court; and a statement which fails to state the nature and character of the suit, the plaintiff's claim, and defendant's defense, and which does not appear to have been filed, is insufficient as an "agreed case."

APPEAL from Washington. Tried below before the Hon. E. B. Turner.

The transcript sets out with what purports to be an "agreed case," the introduction to which reads as follows:

"Heirs of Annie Fisher, deceased, v. R. Leisweitz and others.

"It is agreed that the case shall be submitted to the court, waiving a jury, upon the following agreed statement of facts, and that judgment shall be rendered for the plaintiffs, or defendants, according as the law, arising upon the said facts, may be for the one or the other. (It is understood that the issues between the defendants and their warrantors are to stand over for trial at some future time, should there be a necessity therefor.)"

This agreement is signed by counsel, and filed January 8, 1879. Judgment was rendered on the same day. Appended to the agreed case in the transcript is the following certificate, which does not appear to have been filed:

"AUSTIN, February 28, 1879.

"I do hereby certify that at the January term of the district court for the county of Washington, A. D. 1879, this

cause, No. 5277, was submitted to me upon the facts agreed upon as set forth in the foregoing statement, and that upon those facts, and those alone, I determined the case and rendered judgment for the defendants. I think I had the foregoing statement in hand, but do not remember to have been asked to sign and approve the same as the statement of facts, as I should most cheerfully have done so. The court has now adjourned, and if the authority still resides in me to do so, I desire that this signing shall be in all things regarded as now for then, viz.: January 8, 1879. The facts were agreed upon and signed by counsel during the term. In testimony whereof, I hereunto set my official signature, the day and date first above written, to this certificate.

"E. B. TURNER,
"Judge 16th District Texas."

In addition to the foregoing, the transcript contains a copy of the judgment, an assignment of errors, and an affidavit of inability to give an appeal bond.

The judgment in the district court recites "that the parties, by consent, waived a jury, and the cause was submitted to the court upon an agreed statement of facts."

*P. H. & J. T. Swearingen*, for appellants.

*Sayles & Bassett*, for appellees.

QUINAN, J.— It is insisted by the appellees that upon this transcript a judgment of affirmance, without reference to the merits, is the only judgment that can properly be rendered.

The appellants contend that this is "an agreed case," under article 1516, and that they are entitled to a revision of the proceedings in the district court.

The article 1516, under the title " Agreed Case," reads as follows:

"After the trial of any cause, when either party intends to remove the same into the supreme court for revision, the parties may, with the consent and approval of the judge who tried the cause, and without the necessity of copying

the entire proceedings, agree upon such a statement of the case, and the facts proven, if any, as in their opinion will be necessary to show whether there has been any error in the proceedings, and such statement shall be signed by the attorneys of the parties, and certified by the judge, and filed as a part of the record of the cause; and a copy of such statement and of the judgment in the case, and the assignment of errors, certified by the clerk of the court, shall be a sufficient transcript of the proceedings to be taken to the supreme court, and to entitle the parties to a trial therein upon the points presented for revision." " In all cases proposed to be removed to the supreme court where such agreed statement is not made, approved and filed as in this section provided, the clerk shall make out and send up the full transcript of the proceedings as is now provided by law."

We are of opinion that the " agreed case " in this transcript is not a sufficient compliance with the statute to authorize or enable us to revise the proceedings in the district court in the case.

1. It contains no statement of the case. Beyond the statement, which occurs casually in a lengthy recital of facts, that " the plaintiffs brought this suit on the 20th March, 1876," it is utterly silent for what it was brought; it contains no information of the nature or character of the suit; what claim the plaintiffs make, or what defenses the defendants have. The judgment discloses that the defendants recovered their costs and that the plaintiffs took nothing by their suit; but what issues were involved in the controversy, or what questions were raised upon the facts recited in the statement, it is not possible to state with that accuracy necessary to an intelligent decision of the case. And, if we could look outside of it to ascertain its objects, the assignment of errors sheds but an ineffectual ray upon the subject.

2. Article 1516 requires " a statement of the case, as well as of the facts proven," and that this shall be with the consent and approval of the judge. The certificate of the judge does not purport to consent to and approve this state-

ment as an agreed case, but simply as "the statement of facts."

3. The statement is required to be signed and certified by the judge and filed as a part of the record. The certificate of the judge to this paper, made the 28th February, 1878, does not appear to have been filed.

4. It is evident that this statement was not only not such a statement of an agreed case as is required by law, to bring up a case for revision, but that it was not so intended to be.

It is not made out after the trial, but before the trial, and, as is shown upon its face, for the purposes of the trial, as "an agreed statement of facts" upon which the court below might render judgment according to the law arising upon the said facts." It neither had, nor required for that purpose, nor did it contemplate, the consent or approval of the judge; nor could it, indeed, have derived any efficacy from the approval of the judge, unless we can attribute to him judicial knowledge of the facts of a case as yet untried. There is nothing in this statement to indicate that it was ever intended to be or agreed upon as a statement of the case and the facts proven, with a view to revision of the case upon appeal.

The transcript in this case is too imperfect to require an affirmance of the judgment. In accordance with article 1033 of the Revised Statutes, we are of opinion that the proper judgment to be rendered is a dismissal of the appeal.

And we so conclude, and award that this appeal be dismissed.

DISMISSED.