CARROLL W. MORRILL, Executor and Trustee,

vs.

ALFRED ROBERTS, Jr., et als.

Cumberland.    Opinion November 16, 1918.

*Bill in equity.    Construction of wills.*

Where under a will the final distribution of balance of trust fund is postponed until death of Sarah M. Roberts, *Held:*

Until such time, it is not necessary to determine or advise as to whom such distribution shall be made, since future conditions, and future existence of the persons to whom distribution may be made, can only be determined hypothetically.

Bill in equity to determine the construction of certain provisions of the will of Alfred Roberts of Portland, Maine. Cause was heard upon bill, answer and replication. From the findings of the single Justice, an appeal was entered to the Law Court. Judgment in accordance with opinion.

Case stated in opinion.

*Woodman & Whitehouse,* for plaintiff.

*W. K. & A. E. Neal, Linwood F. Crockett, Samuel L. Bates, John J. Devine, William H. Murray, Collins, Collins & Burke, Sydney B. Larrabee, and John Mitchell Jones,* for defendants.

SITTING:   CORNISH, C. J., HANSON, PHILBROOK, DUNN, MORRILL, JJ.

PHILBROOK, J.    This is a bill in equity brought under R. S., Chap. 82, Sec. 6, sub-div. X, to determine the construction of certain provisions of the will in which the plaintiff is named as executor and trustee. He declares that "he is in doubt as to the true and proper construction of said will, to wit, as to whether he may lawfully dis-

tribute the remainder of said trust estate at the present time, prior to the death of said Sarah M. Roberts, and before the happening of all the three events which were expressly made, by the terms of said will, a condition precedent to the final distribution of said estate, and as to whether or not the estate of said Amie B. Roberts is entitled to any part of the balance of the estate of said testator under said will, and, if so, what part, when a final distribution may lawfully be made; also as to what is the proper time for the final distribution of the balance of said estate, and as to who are the legatees, or class of legatees, among whom it is to be distributed when the proper time for distribution arrives, and also at what time the balance of said estate is to vest in such legatees."

In the court below the bill was sustained. The decree of the learned Justice, with some minuteness of detail, also answered the many other questions raised by the plaintiff. From this decree the case comes to this court by appeal.

*Time of final distribution.* The testator provided for final distribution after the occurrence of three events, viz., the death of his sister, Sarah E. Roberts, the death of his brother's widow, Sarah M. Roberts, and the maturity of a certain endowment bond in which Alfred Roberts, Jr., was the original beneficiary, either by the lapse of the time mentioned in the bond or by the death of Alfred Roberts, Jr. It is conceded that the sister, Sarah E. Roberts is dead, that the bond has matured by lapse of time, but that Sarah M. Roberts is still living. On February 16th 1917, one John Mitchell Jones, who now claims to be attorney in fact and of record for Alfred Roberts, Jr., filed in the Probate Court a petition for the distribution of the balance of the estate, alleging that said Sarah M. Roberts was ready and willing to waive, and had waived any and all right, title or interest, present or prospective, accruing or accrued to her under any of the terms of said will. In her answer to this bill, Sarah M. Roberts declared that such waiver, release or assignment was obtained by fraud, false representations and duress, that there was no consideration for the same, and that it was and always had been null, void and of no effect. The decree of the learned Justice, upon this contention of fact, upheld the claim of Sarah M. Roberts and we unhesitatingly approve this finding. The final distribution of the balance in the hands of the plaintiff is therefore postponed until the death of Sarah M. Roberts, and the plaintiff is ordered to pay her all annuities over-

due and unpaid, with interest from the dates when each annuity became due, and to pay her such annuities in the future as may be demanded by the terms of the will.

Until such time as final distribution is to be made, it is not necessary to determine or advise as to whom such distribution shall be made, since future conditions, and future existence of the persons to whom distribution may be made, can only be determined hypothetically.

The decree of the sitting Justice provided for payment of counsel fees, costs and expenses, out of the estate, but it is the opinion and order of this court that, exclusive of cash disbursements, the total amount to be allowed for attorney's fees shall be five hundred dollars, the sitting Justice by whom decree below will be signed, to determine the distribution of such sum among counsel, providing they cannot agree thereto.

> *Appeal sustained.*
> *Bill sustained.*
> *Temporary injunction made permanent.*
> *Decree in accordance with opinion.*