CITIZENS BANK AND TRUST COMPANY, EXECUTOR OF CHARLES McDONALD, ET AL., v. ROSA LEE McDONALD DUSTOWE, LUCILLE R. McDONALD AND MATTIE NELSON.

(Filed 19 December, 1924.)

**1. Wills—Probate—Evidence—Statutes.**

The record and probate of a will according to law is conclusive as to its validity, when not vacated on appeal nor declared void by a competent tribunal, and the executor named has duly qualified and is engaged in the performance of his duties as such without any legal objection having been interposed. C. S., 4145, 4161.

**2. Same—Parties—Statutes—Agreements—Courts—Jurisdiction.**

Persons who are interested neither as heirs at law of the deceased nor as beneficiaries under the writing propounded as the will, are neither necessary nor proper parties to a case agreed to interpret its provisions, nor to set it aside, nor to assert that an order made by the court be vacated on the ground that they had not been duly made parties or given consent that judgment be rendered out of term, etc. C. S., 446. It is otherwise as to one who has been named as a beneficiary who has neither been duly made a party nor given consent to the agreed case or the further action of the court thereon.

**3. Same—Consent.**

Necessary parties to an action concerning the interpretation of a will are barred by their own consent to submit an agreed case, etc., and their acquiescence in a motion made by others, not necessary or proper parties, cannot affect the judgment accordingly rendered by the court.

APPEAL by Robert E. McDonald, Jr., T. Lawrence McDonald, and Martha G. M. Nelson from order signed by *Harding, J.,* at April Term, 1924, of CABARRUS.

The will of Charles McDonald was duly probated and recorded in the office of the clerk of the Superior Court of Cabarrus County. Thereafter, on 22 March, 1923, summons was issued by said clerk, returnable on 21 April, 1923, in a civil action, entitled as above. The executor and all the devisees and legatees, named in said will, appear as parties, plaintiff or defendant, in said summons. The defendants are non-residents of the State of North Carolina, and summons was served upon each of them by publication. No complaint or other pleading was filed in said action. At the return term, a statement of facts, signed by attorneys of record, and purporting to be agreed upon by all the parties to the action, was presented to the court. The contentions of the respective parties, as to the construction of said will, upon the said facts, were fully argued before the court. The attorneys also filed briefs in support of the said contentions. By consent, judgment was subsequently rendered, after the expiration of the term and out of the judi-

cial district, in which Cabarrus County is included. The judgment was duly filed on 2 June, 1923. No exceptions were noted to said judgment and no appeal was taken therefrom.

On 5 April, 1924, Robert E. McDonald and T. Lawrence McDonald, whose names appear as plaintiffs in said summons, and Mrs. Martha G. M. Nelson, one of the defendants therein, served notice upon the attorneys of record for the other parties to said action that on 28 April, 1924, they would each enter a special appearance and move that the action be dismissed, for the reasons stated in said notice. Pursuant to said notice, special appearances were entered, and said motion was made and heard by his Honor, W. F. Harding, judge presiding. The court found, from the evidence submitted at said hearing: (1) That Robert E. McDonald and T. Lawrence McDonald, whose names appear as plaintiffs in said action, did not authorize any person to make them parties to said action; that they are the sons of Robert McDonald, a deceased brother of Charles McDonald, the testator, and as such are expressly excluded from any interest in the estate of Charles McDonald under the said will; that neither has any interest in the estate of Charles McDonald under the will or as heir at law; (2) that Martha G. M. Nelson is a daughter of John McDonald, a deceased brother of Charles McDonald, the testator; that she is interested in said will by virtue of a legacy to her of $2,000; that she has no other or further interest than as such legatee; that service of summons by publication on her had not been completed at time the statement of agreed facts was filed, and that she did not agree to such statement, nor did she consent that judgment might be signed after the expiration of the term and out of the district; that she is now a party defendant in said action, summons having been duly served on her; (3) that all the devisees and legatees named in said will are duly constituted parties to the action, and that all except Mrs. Martha G. M. Nelson agreed to the statement of facts filed, and consented to the signing of judgment after expiration of term and out of district; that the entire estate, real and personal, of Charles McDonald is devised and bequeathed by his said will to devisees and legatees named therein.

Upon the facts found, it was ordered and adjudged that "this action be and the same is hereby dismissed as to Robert E. McDonald, Jr., and T. Lawrence McDonald," and that "the purported agreed statement of facts, together with the judgment in this action, be and the same is hereby stricken out and vacated as to Mrs. Martha G. M. Nelson, who is designated as Mattie Nelson in the proceeding."

Appellants excepted to said order, and appealed therefrom, assigning as error: (1) That the court overruled their objection to the introduction as evidence, upon the hearing of their motion, of the record in

the action; (2) that the court found that Robert E. McDonald, Jr., and T. Lawrence McDonald had no interest in or to the estate of Charles McDonald; (3) that the court found that all the devisees and legatees under the will of Charles McDonald are parties to the action, and, with the exception of Mrs. Martha G. M. Nelson, agreed to the statement of facts, and consented to the signing of the judgment after the expiration of the term and out of the district; and (4) that the court failed and refused to set aside and vacate the statement of facts agreed and the judgment rendered thereon, and to dismiss the action.

*Maness & Sherrin and Frank Armfield for appellants.*

*Hartsell & Hartsell for C. D. McDonald and Ed. McDonald, appellees.*

*J. Lee Crowell, Sr., J. Lee Crowell, Jr., and H. S. Williams for appellees.*

CONNOR, J. This is a civil action, to have the will of Charles McDonald construed. The validity of the will is not in issue. It has been duly probated and recorded. It has not been vacated on appeal, nor declared void by a competent tribunal. No caveat has been entered to its probate. The executor named therein has duly qualified and is now engaged in the performance of the duties of the office. The record and probate is therefore conclusive as to the validity of the will. C. S., 4145 and 4161.

Appellants, Robert E. McDonald, Jr., and T. Lawrence McDonald, sons of Robert McDonald, a deceased brother of Charles McDonald, and heirs at law of the testator, are expressly excluded from any interest in or to the estate of Charles McDonald by the provisions of the will. The entire estate, real and personal, is devised and bequeathed, and there is no residuary clause in the will. By no possible construction of the will, as same appears in the record, could they have any interest, present or future, vested or contingent, under the will or as heirs at law in or to the estate of Charles McDonald. They, therefore, have no interest in the subject-matter of the action, the construction of the will, in order to determine the rights, interests and estates of the devisees and legatees named therein, with respect to the property devised and bequeathed to them. Appellants have no rights or interests to be protected or to be prejudiced by any order, decree or judgment that may be made or rendered in the action. They are neither necessary nor proper parties to the action. C. S., 446.

In *McKethan v. Ray,* 71 N. C., 165, which was an action to construe a will, this Court reversed the judgment below and remanded the action to the end that the heirs at law and residuary legatees might be made

parties, the reason given being that "in certain aspects of the matter involved in the construction of the will the heirs at law and residuary devisees have an interest and of course would not be concluded by a judgment in this case as now constituted." In no aspect of the matter involved in the instant case have these appellants any interest in this action. They were inadvertently made parties plaintiff, and upon this fact appearing to the court the action was properly dismissed as to them. This, however, was the only relief to which they were entitled. They have no interests which are or can be affected, adversely or otherwise, by the judgment heretofore rendered by Judge Webb in the action, and therefore there was no error in refusing to set aside and vacate said judgment and to dismiss the action. "When there is merely a surplusage of parties, it is not ground for dismissal, as it cannot prejudice the cause of action, and at most the unnecessary party could be dismissed, on his own motion, with his costs." *Ingram v. Corbit,* 177 N. C., 321.

It was proper for the court to admit and consider evidence from which it could be ascertained whether or not appellants had any interests in the subject-matter of the action which were or could be prejudiced by the judgment of Judge Webb. They were asking not only that their names be stricken from the summons as parties to the action, but also that the judgment be set aside and the action dismissed. The insistence of appellants that there was error in admitting the record as evidence upon the hearing of their motion is based upon a misconception of the purpose for which this evidence was offered and considered. The court was not concerned with the merits of the controversy between the real parties in interest, but solely in determining whether or not the judgment affected any rights of plaintiffs, and upon it appearing that the judgment did not affect any such rights the court properly refused to set aside or vacate such judgment and to dismiss the action, except as to them. The parties whose rights are determined by said judgment have neither excepted to nor appealed therefrom. They are content with the judgment.

Appellant, Mrs. Martha G. M. Nelson, has an interest in the subject-matter of the action, and is therefore a proper and necessary party. Summons has been duly served upon her, and she is now a duly constituted defendant. The action, therefore, was not dismissed as to her. She did not agree to the statement of facts presented to the court, nor did she consent to the signing of the judgment after the expiration of the term and out of the district. The judgment and statement of agreed facts were therefore properly set aside and vacated as to her. The judgment has no validity as to her. She may be heard now, before any order, decree or judgment affecting her rights is made or rendered.

She has no interest, however, in said judgment in so far as it affects the rights of other parties to the action. Upon the facts as they now appear, her legacy of $2,000 is not prejudiced by the judgment. It does not appear that she has any rights under the will, or otherwise, in the estate of Charles McDonald, except as to this legacy. She is not concluded, however, by the judgment, and may proceed in the action as she may be advised.

We are not inadvertent to the brief filed herein by attorneys for Ed. McDonald and C. D. McDonald, plaintiffs, in which they say that they do not resist the motion of appellants "to have the entire judgment and agreed statement of facts vacated and set aside." Having agreed to the statement of facts, and having filed no exception to the judgment, they are barred by its terms. They would, doubtless, like to have another day in court, feeling assured that they could fare no worse, and might fare better, upon another hearing. We see nothing in the record to justify this assurance.

The assignments of error are not sustained. There is

No error.