### COUSINS v. COUSINS et al.

No. 3654.

Court of Civil Appeals of Texas. Amarillo.

Oct. 7, 1931.

Rehearing Denied Nov. 4, 1931.

Stone & Guleke, of Amarillo, for appellant.

Cole & Porter, of Clarendon, for appellees.

HALL, C. J.

This is an action brought by Mrs. Mettie E. Cousins, the surviving wife of S. A. Cousins, and their six children, to have the will of S. A. Cousins, deceased, construed, and to recover from Aubrey S. Cousins any interest claimed by him in certain real property described in plaintiffs' petition.

S. A. Cousins was married twice. Oscar Cousins, now deceased, was the child of his first marriage, and the appellant Aubrey Cousins is the only child of Oscar Cousins.

The statement of facts is as follows:

"That the will of S. A. Cousins, deceased, was duly and legally probated in the County Court of Gray County, Texas, and as is described in paragraph two hereof was plead by plaintiffs and by them introduced in evidence upon the trial of this cause.

"That the following is a true and correct copy of the will of S. A. Cousins, deceased:

" 'The State of Texas, County of Gray.

" 'Know all men by these presents: That we, S. A. Cousins and wife, Mettie E. Cousins, of the County of Gray and State of Texas, being in good health and of sound and disposing mind and memory, do make and publish this, our joint and mutual will and testament, hereby revoking all wills made by us at any time heretofore.

" 'First: We direct that all of our just debts shall be paid and satisfied. The remainder of our estate, both real and personal, shall descend and be invested in the surviving member of our marriage for the remainder of his lifetime, with full power to manage and control said estate.

" 'Second: Should we both die at one time, our estate is to be divided equally among the following heirs: Nona Cousins, Charles Cousins, Janie Cousins Lowry, Mettie Jewell Cousins, S. A. Cousins, Jr., and Dorothy Cousins Beck. The property may be sold and the proceeds divided, or the property itself may be divided if this meets the approval of the majority of the heirs. Any heir being indebted to the estate, said indebtedness shall be satisfied from his part of the estate.

" 'Third: No provision is made in this will for the heirs of Oscar Cousins, deceased, a son by a former marriage, whose mother is now dead and said son having received his

portion of the estate at the time of his mother's death, the same being stated in the deed recorded in Hamilton, Hamilton County, Texas.

"'Fourth: In case we both die before the youngest child is of age, we nominate and appoint Nona Cousins and S. A. Cousins, Jr., executors of our estate, and we direct that no bond be required of them.

"'In witness whereof we have hereto set our hands this the 15th day of February, A. D., 1930.

"'S. A. Cousins,
"'Mettie E. Cousins.'
"'Witnesses:
"'J. R. Langford,
"'W. H. Mathis.'

"That Mettie E. Cousins is the surviving wife of S. A. Cousins, deceased, and Nona Cousins, Charles Cousins, Janie Cousins Lowry, wife of Chas. M. Lowry, Mettie Jewell Cousins, S. A. Cousins, Jr., and Dorothy Cousins Beck, wife of Ernest Beck, are the surviving children of S. A. Cousins, deceased; and Aubrey S. Cousins is the surviving child of Oscar Cousins, a deceased son of S. A. Cousins, deceased, by a former marriage, and that there are no other living descendants of S. A. Cousins, deceased."

Neither party introduced any other or further evidence upon the trial.

Plaintiffs filed the suit asking for a construction of the will, and prayed for a recovery from Aubrey S. Cousins of any interest he was claiming in certain real property described in the petition.

Aubrey Cousins filed a general demurrer, general denial, numerous special exceptions, and a cross-action in trespass to try title to recover an undivided one-seventh interest in the property described in the plaintiffs' petition.

The trial court rendered a judgment construing the will against the contention of Aubrey S. Cousins and holding that each of the children of S. A. Cousins, deceased, by his second wife, was entitled to a one-sixth interest in the property involved, after the life estate devised to Mettie E. Cousins had determined, and that Aubrey S. Cousins was not entitled to any part of the estate of S. A. Cousins, deceased.

It will be noted that the third clause of the will is: "No provision is made in this will for the heirs of Oscar Cousins, deceased, a son by a former marriage, whose mother is now dead and said son having received his portion of the estate at the time of his mother's death, the same being stated in the deed recorded in Hamilton, Hamilton County, Texas."

As shown by the agreed statement, Aubrey Cousins is the only living heir of Oscar Cousins, deceased, and this clause of the will clearly excludes him from any participation under the will.

As said by Connor, Justice, in Citizens' Bank & Trust Co. v. Dustowe, 188 N. C. 777, 125 S. E. 546, 548: "The validity of the will is not in issue. It has been duly probated and recorded. It has not been vacated on appeal, nor declared void by a competent tribunal. * * * The record and probate is therefore conclusive as to the validity of the will. * * * The entire estate, real and personal, is devised and bequeathed, and there is no residuary clause in the will."

And the holding is that, where a party is expressly excluded by the terms of the will, he is neither a necessary nor a proper party to an action to construe the will. To the same effect is the holding in Gay v. City of Ft. Worth (Tex. Civ. App.) 4 S.W.(2d) 268; 40 Cyc. 1846.

We are strongly inclined to the opinion that the judgment should be reversed and the case dismissed, in accordance with that rule, and, but for the fact that Aubrey Cousins is asking affirmative relief, we would adopt that course.

The first clause of the will provides that, after the payment of debts, "the remainder of our estate, both real and personal, shall descend and be invested in the surviving member of our marriage for the remainder of his lifetime, with full power to manage and control said estate."

This clearly invests the surviving wife with a life estate in all of the property, both separate and community, owned by her husband at the time of his death, and under the provisions of the will even her own children have only a contingent interest so long as she lives, and certainly Aubrey Cousins, the grandson of a former marriage, who is expressly excluded by the third clause of the will, has no present interest.

The primary purpose of the suit is to have the court construe the second clause of the will, which provides: "Should we both die at one time, our estate is to be divided equally among the following heirs," naming the children of the second marriage.

"A court of equity will not take jurisdiction of a suit for the construction of a will unless it can afford immediate relief. It will not undertake, where there is no matter in dispute, to declare future rights nor will it ever undertake to decide upon and determine contingencies which may never arise unless such determination is necessary for the decision of some immediate relief to be granted and which it can enforce by a decree. Such a suit may sometimes be entertained, however, where it is brought by an executor or a testamentary trustee, although a like

suit by other parties would be dismissed as premature. Inasmuch as a premature adjudication is not binding, the Court of its own motion will investigate the question whether the purpose of the suit is merely to obtain a declaration of future rights, even though all the parties desire to have the will construed. The jurisdiction of courts of equity in respect to testamentary, construction will never be exercised for the purpose of determining hypothetical, abstract or moot questions." 40 Cyc. p. 1846.

■ A proper construction of the second clause would be: It names the children of the second marriage as contingent remaindermen. Since the life tenant, the widow, is still alive, and neither Aubrey, nor any of her children, may survive her, and they have no rights involved in this suit to be adjudicated until her death, there is no matter in dispute with reference to them and no present interest to be subserved by a construction of the entire will. A decision to the effect that Aubrey Cousins is or is not entitled to share in the remainder after the death of his grandfather's second wife would be merely determining future rights which may never accrue. That part of the trial court's judgment which holds that each of the children of S. A. and Mettie Cousins is entitled to a one-sixth interest after the life estate devised to Mettie E. Cousins, their mother, is premature, and for that reason is not binding upon either child. If one or more of such children should predecease their mother, then the premature judgment would be incorrect as to the share of each surviving child.

■ A suit praying for the construction of certain clauses of a will which do not affect the validity of other clauses, and which may never be up for construction owing to the nonhappening of contingencies mentioned therein, should be dismissed as being premature. Matlock v. Matlock, 98 N. J. Eq. 572, 131 A. 212; In re Erickson's Estate, 113 Misc. Rep. 10, 183 N. Y. S. 779.

■■ It is true that the plaintiffs alleged that they undertook to sell an oil and gas lease upon certain lands belonging to the estate for the purpose of realizing money to discharge an indebtedness against the land, and that Aubrey Cousins then and there set up a claim to the land. It is not alleged that the claim asserted by Aubrey Cousins resulted in a failure to lease the land and no evidence whatever was introduced in support of these allegations. They must, therefore, be presumed to have been abandoned. The jurisdiction invoked by a suit to construe a will is limited to such matters as are practical, and call for present action in the premises and upon which the court may properly pronounce a present decree. Morrill v.

Roberts, 117 Me. 465, 104 A. 818; Northrup v. Ackerman, 84 N. J. Eq. 117, 92 A. 909; Heptinstall v. Newsome, 146 N. C. 503, 60 S. E. 416; Prichard v. Prichard, 83 W. Va. 652, 98 S. E. 877.

The decisions are uniform to the effect that the court will not construe questions that are remote and may never arise or depend upon rights which are contingent. Nashville Trust Co. v. Dake, 162 Tenn. 356, 36 S.W.(2d) 905; 177; Gillen v. Hadley, 75 N. J. Eq. 602, 73 A. Norton v. Moren, 206 Ky. 415, 267 S. W. 171, 847, 849; Horton v. Cantwell, 108 N. Y. 255, 15 N. E. 546; In re Klumpf's Estate, 95 Misc. Rep. 436, 158 N. Y. S. 1094; In re Peek's Will, 131 Misc. Rep. 495, 227 N. Y. S. 682; In re Jenkins' Estate, 111 Misc. Rep. 517, 181 N. Y. S. 585; Callison v. Bright, 85 W. Va. 700, 102 S. E. 675; 40 Cyc. 1858; Gardner on Wills, 356-361.

In so far as the judgment of the trial court construes the "first" clause of the will, it is affirmed. In all other respects the judgment is reversed, and the cause is dismissed.

On Motion for Rehearing.

This case was tried in the court below upon an agreed statement which was evidently filed under the provisions of article 2177. The caption to the statement is as follows: "The parties in the above entitled and numbered cause agree that the following is a statement of facts upon which judgment in the above entitled and numbered cause was rendered on the —— day of March, 1931, the controversy therein having been submitted to the Court upon same as such agreed statement of facts."

By their motion for rehearing, the appellees insist that we should have construed the will in every particular, because the pleadings show a dispute as to the title to the property and that we erred in holding that the evidence as shown by the statement of facts does not support the judgment, for the reason that, in the absence of anything in the record to the contrary, the judgment of the court is presumed to be correct and supported by sufficient evidence, and they cite the case of Haines v. Bankers' Petroleum & Refining Co. (Tex. Civ. App.) 273 S. W. 940, in support of the contention. That case was not presented to the lower court as an agreed case, but there was an agreed statement of facts filed in the Court of Appeals. The learned judge rendering the opinion cites no authorities to sustain his holding.

■ When a case is tried in the court below upon an agreed statement, and upon appeal such statement constitutes the statement of facts here, both courts are limited to the facts as agreed to. The only material questions are those presented by the state-

ment (Parker v. Portis, 14 Tex. 166), and the inquiry may not extend beyond its terms, so long as it is valid and is not rescinded (Ætna Life Insurance Co. v. Smith (Tex. Civ. App.) 293 S. W. 243). In such case the court is confined to the facts contained in the statement, and may not make an additional finding, and none should be presumed. Texas Mexican Railway Co. v. Scott, 60 Tex. Civ. App. 482, 129 S. W. 1170. The pleadings filed in the case tried under that article of the statute are immaterial and will be disregarded where the case is submitted on questions of law arising on the agreed statement. Chappell v. McIntyre, 9 Tex. 161. The court is without authority to make any finding not embraced in or conforming to the agreed statement or to draw any inference not necessarily compelled as a matter of law. Hutcherson v. Sovereign Camp, 112 Tex. 551, 251 S. W. 491, 28 A. L. R. 823; Hafale v. Canfield Mfg. Co. (Tex. Civ. App.) 268 S. W. 986; Lucas v. Patton, 49 Tex. Civ. App. 62, 107 S. W. 1143.

The district judge before whom the case was tried appended the following certificate to the statement:

"The above and foregoing agreed statement of facts is hereby certified to be correct in open court by the undersigned judge before whom said case was tried and it is further certified that said case was tried upon said agreed statement of facts alone and this certificate is the action of said court.

"This the 2nd day of April, A. D. 1931."

The appeal must be determined upon the agreed statement without presumptions as to further evidence. Fisher's Heirs v. Leisweitz, 1 Posey, Unrep. Cas. 330; North River Insurance Co. v. Hipsher (Tex. Civ. App.) 280 S. W. 328; Smith v. Nesbitt (Tex. Civ. App.) 235 S. W. 1104; Fuller v. Cameron (Tex. Civ. App.) 209 S. W. 711; Chickasha Milling Co. v. Crutcher (Tex. Civ. App.) 141 S. W. 355; Eastland v. Williams' Estate (Tex. Civ. App.) 45 S. W. 412.

■ The correctness of the statement cannot be questioned after the case has been appealed (Long v. City National Bank [Tex. Civ. App.] 256 S. W. 1006), and the court will consider only such matters as are incorporated into the statement (McDowell v. Fowler, 80 Tex. 587, 16 S. W. 431), and will overrule assignments involving questions not raised or embraced in the agreed case (Eastland v. Williams' Estate, supra). It is held that the admission of evidence in addition to the agreed statement, over the objections of the adverse party, constitutes reversible error when such evidence is made a basis for the findings and judgment. Ætna Life Insurance Co. v. Smith, supra; 2 Tex. Jur. 664–667.

Under these authorities, we cannot presume anything in support of the court's judgment, and the motion for rehearing is overruled.