**Thomas D. SMITH, Appellant,**

v.

**E. R. STEPHENSON, Appellee.**

**No. 6348.**

Court of Appeals of Texas, Waco.

Oct. 29, 1981.

Rehearing Denied Dec. 3, 1981.

Robert A. MacInnes, J. Stockton Williams, Jr., Stubbeman, McRae, Sealy, Laughlin & Browder, Austin, for appellant.

W. Tyler Moore, Jr., Moore & Moore, Bryan, for appellee.

HALL, Justice.

This is a suit on sworn account by E. R. Stephenson, a chiropractor, against his patient, Thomas D. Smith, for chiropractic services rendered in connection with a work-related injury sustained by Smith which was compensable under our workers' compensation statutes. Plaintiff Stephenson presented his bill to the Industrial Accident Board, but when a dispute arose before the Board with regard to the amount of the charges, plaintiff filed this lawsuit against defendant Smith. Defendant denied the justness of plaintiff's charges in a verified answer. He also filed a "motion to dismiss" alleging that under the workers' compensation statutes he was relieved from financial responsibility for plaintiff's chiropractic services and the responsibility was placed solely upon the workers' compensation carrier. Additionally defendant filed a "plea to the jurisdiction" upon the ground that since the Industrial Accident Board was not accorded the opportunity to rule on plaintiff's fees, and did not rule thereon, the trial court did not have jurisdiction over the subject matter of the case.

The case was tried to the court without a jury upon an agreed statement of the facts. In addition to the facts we have already set forth, the parties agreed that plaintiff knew throughout his treatment of defendant that defendant's injury was compensable under the workers' compensation statutes; that plaintiff sent fee statements to the Industrial Accident Board and to the self-insurer; that no award was made by the Board; that the chiropractic services sued upon were furnished by plaintiff in the course of his profession, and they were accepted by defendant; and that if plaintiff was entitled to recover from defendant, the sum of $515.00 was just, due and owing to plaintiff for his services. The parties also agreed upon the issues of reasonable attorney's fees for plaintiff for the trial and appeals, if plaintiff prevailed.

The trial court overruled defendant's motion to dismiss and his plea to the jurisdiction. Judgment was rendered that plaintiff recover $515.00 from defendant. Plaintiff was also awarded the attorney's fees stipulated by the parties. Defendant brought this appeal.

Defendant's complaints on appeal are that the trial court erred in overruling his motion to dismiss and his plea to the jurisdiction. In other words, defendant asserts that it is the legislative intent of our Workers' Compensation Act to relieve the injured employee of personal liability for payment of medical services and chiropractic services provided for treatment of an injury compensable under the Act, and to place the responsibility for payment for such services solely upon the workers' compensation insurance carrier; and that, in any event, the

provider of the services must first pursue his administrative remedy through the Industrial Accident Board before resorting to the courts for collection of his fees. Defendant's contentions are based upon his construction and application to the facts of the following portions of our workers' compensation statutes (Vernon's Ann.Tex.Civ.St.):

Art. 8306, sec. 3. The employees of a subscriber and the parents of minor employees shall have no right of action against their employer or against any agent, servant or employee of said employer for damages for personal injuries, and the representatives and beneficiaries of deceased employees shall have no right of action against such subscribing employer or his agent, servant or employee for damages for injuries resulting in death, but such employees and their representatives and beneficiaries shall look for compensation solely to the association, as the same is hereinafter provided for. All compensation allowed under the succeeding sections herein shall be exempt from garnishment, attachment, judgment and all other suits or claims, and no such right of action and no such compensation and no part thereof or of either shall be assignable.

Art. 8306, sec. 7. The employee shall have the sole right to select or choose the persons or facilities to furnish medical aid, chiropractic services, hospital services, and nursing and the association shall be obligated for same or, alternatively, at the employee's option, the association shall furnish such medical aid, hospital services, nursing, chiropractic services, and medicines as may reasonably be required at the time of the injury and at any time thereafter to cure and relieve from the effects naturally resulting from the injury....

.　　.　　.　　.　　.

Provided that any physician or chiropractor rendering medical or chiropractic care to any injured worker shall render an initial report as soon as practical identifying the injured worker and stating the nature and extent of the injury and thereafter shall render subsequent reports reasonably necessary to keep the status of the claimant's condition known.

Hospitals shall, upon request of either the injured worker, his attorney, or the association, furnish records pertaining to treatment or hospitalization for which compensation is being sought. All reports and records requested hereunder shall be made to the association and the injured worker or his attorney. The failure of the physician or chiropractor to make such reports or of the hospital to furnish requested records shall relieve the association and the injured worker from any obligation to pay for the services rendered by the physician, chiropractor, or hospital. All charges for the furnishing of reports and records hereunder shall be subject to regulation by the Board in accordance with Section 7b hereof, provided however, such charges shall in no event be less than the fair and reasonable charge for the furnishing of said reports and records.

In the event that the association shall contend before the Board that charges for medical aid, hospital services, chiropractic services, nursing services, or medicines are not fair and reasonable, the Board's award shall make an express finding of the amounts which are fair and reasonable charges for the aid or services rendered or the medicines provided. If the amount found is less than those charges submitted by the provider of the aid, services, or medicines, then said provider shall be entitled to appeal the Board's determination as if it were a party to the action.

Art. 8306, sec. 7b. All fees and charges under Sections 7 and 7a hereof shall be fair and reasonable, shall be subject to regulation of the Board and shall be limited to such charges as are reasonable for similar treatment of injured persons of a like standard of living where such treatment is paid for by the injured person himself or someone acting for him.

Art. 8307, sec. 5. All questions arising under this law, if not settled by agree-

ment of the parties interested therein and within the provisions of this law, shall, except as otherwise provided, be determined by the Board. Any interested party who is not willing and does not consent to abide by the final ruling and decision of said Board shall, within twenty (20) days after the rendition of said final ruling and decision by said Board, file with said Board notice that he will not abide by said final ruling and decision. And he shall within twenty (20) days after giving such notice bring suit in the [proper court].

■ In the beginning it should be noticed that the parties' agreed statement of the facts in the trial court constitutes the statement of facts on appeal. We may not inquire beyond its terms in our resolution of the issues before us. *Cousins v. Cousins*, 42 S.W.2d 1043, 1047 (Tex.Civ.App.—Amarillo 1931, writ ref'd).

■ The purpose of the workers' compensation law is to circumvent expensive and time consuming litigation between employers and employees involving work-related injuries, to do away with inflexible common law rules relating to issues of causation, and to distribute economic burdens in such cases more equitably. *Texas Employers' Insurance Ass'n. v. Holmes*, 145 Tex. 158, 196 S.W.2d 390, 392 (1946). While it has been written that the statutes should be liberally construed, if a statute creates a liability unknown at common law or deprives one of a common law right, the statute will be strictly construed in that it will not be extended beyond its plain meaning or applied to cases not clearly within its purview. *Satterfield v. Satterfield*, 448 S.W.2d 456, 459 (Tex.1969).

■ The workers' compensation law creates a contractual relationship between an employee, his employer and the insurer. While one providing medical services to an injured employee may himself pursue a claim for payment through administrative channels, art. 8306, sec. 7; *Maryland Casualty Co. v. Hendrick Memorial Hospital*, 141

Tex. 23, 169 S.W.2d 969, 974 (1943), the party against whom such an action would be maintained is the insurer, not the employee. The liability in question at such a proceeding is that of the insurer. Although the provider assumes the burden of proving that the employee suffered a compensable injury, *Maryland Casualty Co. v. Hendrick Memorial Hospital*, supra, the parties involved in such administrative hearing are not those involved here.

Looking at the sections cited by appellant in support of his position, we see that Art. 8306, sec. 3 defines the exclusiveness of the compensation remedy between the injured employee and his employer. It makes no mention of the provider of medical services.

Art. 8306, sec. 7 requires the insurer to furnish medical services to the employee; also, it mandates that the provider of services furnish reports[1] and his failure to do so relieves the association *and the employee* from the duty to pay. Appellee asserts and we agree, that such language contemplates the employee's obligation to pay, otherwise the employee would have no duty of which to be relieved. The section allows the employee to look to the compensation carrier for reimbursement or payment of expenses paid or incurred by the employee. It does not relieve the employee from his contractual liability to pay for his debt.

Further, section 7 outlines the manner in which disputes between the provider and the insurer will be settled if the provider looks to the insurer for payment. The language does not deny a provider his common law rights against the employee. Section 7b discusses fees when the fees are to be paid by the insurer. Finally, Art. 8307, section 5 is of no aid to appellant because under the facts of our case there is no question arising under "this law."

Cases construing workers' compensation statutes have consistently assumed the employee was liable on his debt for medical services. Allowing a provider of medical services a cause of action against the insurer did not change the employee's contractu-

---

1. In our case, defendant concedes in his brief that all required reports were made by plaintiff.

**328**

al obligation. *Aetna Life Ins. Co. v. Culvahouse,* 10 S.W.2d 803, 804 (Tex.Civ.App.—Austin 1928, writ dism'd); *Maryland Casualty Co. v. Hendrick Memorial Hospital,* 141 Tex. 23, 169 S.W.2d 969, 973 (1943); *Traders & General Ins. Co. v. May,* 168 S.W.2d 267, 271 (Tex.Civ.App.—Amarillo 1943, writ ref'd w.o.m.); see also *Texas Casualty Insurance Co. v. Beasley,* 391 S.W.2d 33, 40 (Tex.1965).

One main reason that doctors, hospitals and chiropractors were given the right to hold the carrier liable was so that medical services would be more readily available to injured employees. *Maryland Casualty Co. v. Hendrick,* supra, 169 S.W.2d at 974. If the employee were not primarily accountable for medical services he procures, he could procure any service without regard to cost, assert to the provider of those services his honest belief that he is a workers' compensation claimant, and be absolved of liability until his right as a claimant was finally determined against his position by the Industrial Accident Board in the provider's action against the insurer, entailing expense to the provider and the potential loss by limitations of the action against the employee. Doubtless, the medical services would not be so readily obtainable if the provider was forced under those circumstances to conjecture whether an injury was in fact compensable each time an employee sought treatment.

The defendant Smith here incurred liability on an account for personal services rendered by the chiropractor. Even though the injury is a compensable one under the workers' compensation statutes, we find nothing in the statutes evincing legislative intent to abrogate the employee's common law liability on his debt. While the employee or the provider may be allowed recovery against the compensation carrier, the employee nonetheless remains liable for the payment of expenses he himself incurred.

The judgment is affirmed.